United States v. McCormick

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 20th day of March, two thousand eighteen.

PRESENT:  DENNIS JACOBS,
          RICHARD C. WESLEY,
              <u>Circuit Judges</u>,
          RICHARD K. EATON,[1]
              <u>Judge</u>.

- - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
          <u>Appellee</u>,

          -v.-                                          16-2490

CHARLES MCCORMICK, AKA "C",

---

[1] Judge Richard K. Eaton, of the United States Court of International Trade, sitting by designation.

1

**Defendant-Appellant.**

- - - - - - - - - - - - - - - - - - - -X

FOR APPELLANT:                    JESSE M. SIEGEL, Law Office of Jesse M. Siegel; New York, NY.

FOR APPELLEE:                    RAJIT S. DOSANJH, Assistant United States Attorney (Sean K. O'Dowd, Assistant United States Attorney, on the brief), for Grant C. Jaquith, United States Attorney for the Northern District of New York; Syracuse, NY.

Appeal from a judgment of the United States District Court for the Northern District of New York (McAvoy, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Charles McCormick appeals from the judgment entered July 15, 2016 by the United States District Court for the Northern District of New York (McAvoy, J.) convicting him on two counts of possessing cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and one count of conspiracy in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and 846. McCormick argues that the conviction was obtained in violation of his Sixth Amendment right to effective assistance of counsel because his trial counsel conceded to the jury that McCormick was guilty of the two substantive drug-trafficking charges, thereby conceding his guilt on the remaining conspiracy charge. We assume the parties' familiarity with the relevant facts, procedural history, and issues on appeal.

Whether a defendant's "representation violates the Sixth Amendment right to effective assistance of counsel is a mixed question of law and fact that is

reviewed de novo." Triana v. United States, 205 F.3d 36, 40 (2d Cir. 2000) (citation and internal quotation mark omitted).

To prevail on an ineffective assistance of counsel claim, a defendant must show both (1) "that counsel's representation fell below an objective standard of reasonableness," and (2) "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984).

"If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice . . . that course should be followed." Strickland, 466 U.S. at 697. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. In evaluating whether the proceeding would have been different but for counsel's error, "[t]he likelihood of a different result must be substantial, not just conceivable." Harrington v. Richter, 562 U.S. 86, 112 (2011).

On direct appeal of an ineffective assistance of counsel claim, "we may: (1) decline to hear the claim, permitting the appellant to raise the issue as part of a subsequent petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255; (2) remand the claim to the district court for necessary factfinding; or (3) decide the claim on the record before us." United States v. DeLaura, 858 F.3d 738, 743 (2d Cir. 2017) (quoting United States v. Adams, 768 F.3d 219, 226 (2d Cir. 2014) (per curiam)). "Generally, Courts of Appeals are reluctant to address ineffectiveness claims on direct review" because "the constitutional sufficiency of counsel's performance is usually unripe for seasoned retrospection until after the trial and whatever appeal may follow." United States v. Salameh, 152 F.3d 88, 160 (2d Cir. 1998) (per curiam). But we permit direct review if the resolution of such claims "is beyond any doubt or to do so would be in the interest of justice." United States v. Stantini, 85 F.3d 9, 20 (2d Cir. 1996) (citation and internal quotation marks omitted).

McCormick's trial counsel conceded on summation that McCormick was guilty of the two substantive possession counts, in an apparent attempt to preserve his credibility with the jury when arguing for acquittal on the conspiracy charge. The record indicates that McCormick may have consented to

3

that strategy. McCormick's sentencing memorandum states: "Counsel, with the consent of Defendant conceded his guilt in the two (2) July 2014 sales of small amounts of crack cocaine. He maintains his responsibility for those transactions but he never conspired with anyone else to distribute drugs." Gov't App'x 79. The fact-based question of whether McCormick waived his ineffective assistance claim may justify dismissal to allow additional factfinding in a collateral proceeding under 28 U.S.C. § 2255. See United States v. Oladimeji, 463 F.3d 152, 154 (2d Cir. 2006). We conclude, however, that direct review is warranted in this case because it is beyond doubt that McCormick cannot show that he suffered prejudice.

The trial evidence with respect to the substantive possession counts is overwhelming. It includes: Y.W.'s testimony that McCormick sold her crack cocaine on July 8 and 16, 2014; an audio recording of a phone call between Y.W. and McCormick in which Y.W. asks to purchase crack and McCormick names the price; video recordings showing McCormick and Y.W. engaged in the July 8 and 16 transactions; and lab tests confirming that the substances Y.W. purchased contained cocaine base. McCormick argues that trial counsel should have disputed this evidence, but does not specify how he could have done so. Given this overwhelming evidence, McCormick fails to demonstrate a substantial likelihood that the jury would have acquitted on the substantive possession counts even if trial counsel had contested guilt.

Similarly, ample evidence supports McCormick's conviction on the conspiracy count. The July 8 video recording shows McCormick and an individual named "Bones" sitting together packaging crack cocaine for sale; when Y.W. asked them for their phone numbers, Bones explained that his phone lacked power and told her to contact him through McCormick. Later that day, Y.W. received a phone call from McCormick, who provided her with a phone number for Bones. Gov't App'x 41. M.S., a government witness, testified that in 2013 he "fronted" crack cocaine to both McCormick and Bones, that McCormick and Bones pooled their money, and that Bones later paid off the balance. App'x 34, 36-37. Another confidential informant, J.P., testified that on two occasions he witnessed McCormick and Bones pooling money to purchase crack. App'x 88. J.P. also testified that McCormick, Bones, and "Fats" traveled together to Rutland, Vermont for the purpose of selling crack; that testimony was

4

corroborated by FBI Special Agent Destito, who testified that he discovered the three individuals in the Rutland home of a suspected crack dealer and that each was carrying $800. App'x 89-90, 97-100. Finally, the government played an audio recording of a phone call McCormick made from jail in 2015 in which he indicated that Bones had access to McCormick's phones and the contact information of his customers. Gov't App'x 75.

The government thus adduced substantial evidence that McCormick and Bones worked together to sell crack cocaine in a common conspiracy. In addition, considering that McCormick's trial counsel cross-examined the government's conspiracy witnesses, see App'x 69-70, Gov't App'x 22-23, 57, and argued in summation that the conspiracy evidence did not establish McCormick's participation, App'x 120-33, McCormick cannot show a substantial likelihood of a different result on the conspiracy count, even if trial counsel had not conceded McCormick's guilt on the separate substantive counts, see Harrington, 562 U.S. at 112.

We have considered McCormick's remaining arguments and conclude that they are without merit. The judgment of the district court is hereby **AFFIRMED**.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK